Richard J. Annen, Esq. (CA State Bar No. 91956)
SPARBER ANNEN MORRIS & GABRIEL, APLC
501 West Broadway, Suite 1720
San Diego, California 92101-3555
Telephone:  (619) 239-3600
Facsimile:   (619) 239-5601

Attorneys for defendant Robert Miller

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHUR INTERNATIONAL A/S, a Denmark Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT MILLER, an individual,<br><br>Defendant. | Case No.:3:12-cv-02745-WQH-JMA<br><br>**DEFENDANT ROBERT MILLER'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**<br><br>Courtroom.:   14B<br>Hon. Judge:    William Q. Hayes |

Defendant Robert Miller ("Miller"), an individual, hereby answers plaintiff's Complaint as follows:

1. In answer to Paragraph 1 of the Complaint, defendant Miller denies he breached any term of the settlement agreement.

2. Defendant Miller denies the allegations in Paragraph 2 of the Complaint.

3. In answer to Paragraph 3 of the Complaint, defendant Miller admits that he is a citizen of the State of California. Defendant Miller lacks information or belief as to the remaining allegations.

4. Defendant Miller admits the allegations in Paragraph 4 of the Complaint.

5. Defendant Miller admits the allegations in Paragraph 5 of the Complaint.

6. Defendant Miller admits the allegations in Paragraph 6 of the Complaint.

7. Defendant Miller admits the allegations in Paragraph 7 of the Complaint.

1

1  8. Defendant Miller admits the allegations in Paragraph 8 of the Complaint.

2  9. In answer to Paragraph 9 of the Complaint, defendant Miller admits that a copy of the contract between SMT and Ralphs is attached as Exhibit A to the Complaint, that he negotiated and signed the contract and that Paragraph 8 of the contract states the parties commission agreement.

10. In answer to Paragraph 10 of the Complaint, defendant Miller admits that Paragraph 8 of the contract states the parties commission agreement. Defendant is without information or belief as to the remaining allegations and on that basis denies them.

11. In answer to Paragraph 11 of the Complaint, defendant Miller is without sufficient information or belief to respond to the allegations of Paragraph 11 and on that basis denies them.

12. In answer to Paragraph 12 of the Complaint, defendant Miller admits that a copy of the contract between SMT and Ralphs is attached as Exhibit A to the Complaint, that he negotiated and signed the contract and that Paragraph 8 of the contract states the parties commission agreement.

13. In answer to Paragraph 13 of the Complaint, defendant Miller and Bushong discussed the fact that Ralphs had not provided Ralphs previous vendors 2009 revenue figures. Miller and Bushong then discussed using an industry standard formula to guesstimate a number. That number was $4.1 million. On more than one occasion, Miller asked Bushong to contact Ralphs and get the number. To the extent not admitted, defendant Miller denies the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant Miller denies the allegations in Paragraph 14 of the Complaint.

15. Defendant Miller denies the allegations in Paragraph 15 of the Complaint.

16. In answer to Paragraph 16 of the Complaint, defendant Miller is without

information or belief as to Bushong's monthly financial report and on that basis denies it. Defendant Miller denies the remaining allegations in Paragraph 16 of the Complaint.

17. Defendant Miller denies the allegations in Paragraph 17 of the Complaint.

18. Defendant Miller denies the allegations in Paragraph 18 of the Complaint.

19. In answer to Paragraph 19 of the Complaint, defendant Miller admits that Schur filed a lawsuit against him in March 2012.

20. Defendant Miller admits that a copy of the settlement agreement is attached as Exhibit B of the Complaint.

21. In answer to Paragraph 21 of the Complaint, defendant Miller admits that within three business days of execution of the settlement agreement, SMT and Miller were to deliver to Schur the accounting as provided for in Paragraph 1 of the settlement agreement. Defendant Miller admits that he made the representations stated in Paragraph 2 of the settlement agreement. Defendant Miller denies that he gave Exhibit C of the Complaint to Schur. Defendant Miller denies the remaining allegations of Paragraph 21 of the Complaint.

22. Defendant Miller denies the allegations in Paragraph 22 of the Complaint.

23. Plaintiff has accurately quoted a portion of Paragraph 12 of the settlement agreement.

24. In answer to Paragraph 24 of the Complaint, defendant Miller admits that he sent an email to Bushong reminding him of a meeting with Ralphs, of which he had previously notified Bushong. Thereafter, Miller admits that he contacted Bushong about the meeting with Ralphs and was told by Bushong that Hans Schur did not want Miller involved with SMT in any respect and specifically did not want him at the Ralphs meeting. Miller admits that he has no knowledge as to

any documents sent by Ralphs to Bushong before the alleged meeting. Miller further admits that he never "insisted" that the previous vendor's 2009 revenue was "$4.1 million", but that such was Miller's and Bushong's speculative guess using an industry standard formula because Ralphs had not previously provided SMT with such information. To the extent not admitted, Miller denies the remaining allegations of Paragraph 24 of the Complaint.

25. In answer to Paragraph 25 of the Complaint, defendant Miller lacks information as to the allegations stated therein and on that basis denies the allegations. Defendant further denies that the amounts stated were owed to Ralphs and that he made any misrepresentations. In further answer to Paragraph 25 of the Complaint, defendant Miller states that Schur sent persons to the referenced meeting that had insufficient knowledge and experience to address the contract issues with Ralphs, denied Miller the opportunity to attend the meeting even though he was the only person qualified to address the contract issues with Ralphs. Further, even though Miller was available pursuant to his consulting agreement with Schur to attend such meeting, upon information and belief, Hans Schur specifically directed others including Bushong, who was now an employee of SMT acting under the direction of Hans Schur, to exclude Miller from the meeting with Ralphs as part of his intent to create some issue upon which Schur could sue Miller post-settlement to further Hans Schur's stated intention to destroy Miller financially after the settlement agreement was executed and SMT was taken over by Schur.

26. In answer to Paragraph 26 of the Complaint, defendant Miller states that the figure stated in Paragraph 25 of the Complaint were not known to SMT or Miller at the time the balance sheet was provided to Schur after the settlement agreement was executed.

27. In answer to Paragraph 27 of the Complaint, defendant Miller lacks information as to the allegation stated therein and on that basis denies them.

1    28. In answer to Paragraph 28 of the Complaint, defendant Miller lacks information as to the allegation stated therein and on that basis denies them.

   29. Defendant Miller admits that he received Exhibit D to the Complaint.

   30. In answer to Paragraph 30 of the Complaint, defendant Miller denies that he is responsible for any of Schur's alleged losses and that any such losses that Schur claims it suffered could have been mitigated or avoided and are the result of Schur's own negligence or incompetence.

   31. In answer to Paragraph 31 of the Complaint, defendant Miller restates his answers to Paragraphs 1 through 30 of the Complaint.

   32. Defendant Miller admits the allegation of Paragraph 32 of the Complaint.

   33. Defendant Miller denies the allegations of Paragraph 33 of the Complaint.

   34. Defendant Miller denies the allegations of Paragraph 34 of the Complaint.

   35. Defendant Miller denies the allegations of Paragraph 35 of the Complaint.

   36. Defendant Miller denies the allegations of Paragraph 36 of the Complaint.

   37. Defendant Miller denies the allegations of Paragraph 37 of the Complaint.

   38. In answer to Paragraph 38 of the Complaint, defendant Miller restates his answers to Paragraphs 1 through 37 of the Complaint.

   39. Defendant Miller denies the allegations of Paragraph 39 of the Complaint.

   40. Defendant Miller denies the allegations of Paragraph 40 of the Complaint.

   41. Defendant Miller denies the allegations of Paragraph 41 of the

1 | Complaint.
2 |     42.   Defendant Miller denies the allegations of Paragraph 42 of the
3 | Complaint.
4 |     43.   Defendant Miller denies the allegations of Paragraph 43 of the
5 | Complaint.
6 |     44.   Defendant Miller denies the allegations of Paragraph 44 of the
7 | Complaint.
8 |     45.   Defendant Miller lacks information as to Schur's intentions as alleged in
9 | Paragraph 44 of the Complaint and on that basis denies them.
10 |     46.   Defendant Miller denies the allegations of Paragraph 46 of the
11 | Complaint.
12 |     47.   Defendant Miller denies the allegations of Paragraph 47 of the
13 | Complaint.
14 |     48.   Defendant Miller denies the allegations of Paragraph 48 of the
15 | Complaint.
16 |     49.   Defendant Miller denies the allegations of Paragraph 49 of the
17 | Complaint.
18 |     50.   In answer to Paragraph 50 of the Complaint, defendant Miller restates his
19 | answers to Paragraphs 1 through 49 of the Complaint.
20 |     51.   The allegations in Paragraph 51 of the Complaint are unintelligible and
21 | on that basis defendant Miller denies the allegations.
22 |     52.   Defendant Miller denies the allegations of Paragraph 52 of the
23 | Complaint.
24 |     53.   Defendant Miller denies the allegations of Paragraph 53 of the
25 | Complaint.
26 |     54.   Defendant Miller denies the allegations of Paragraph 54 of the
27 | Complaint.
28 |     55.   Defendant Miller denies the allegations of Paragraph 55 of the

Complaint.

56. Defendant Miller denies the allegations of Paragraph 56 of the Complaint.

57. Defendant Miller lacks information as to Schur's intentions as alleged in Paragraph 57 of the Complaint and on that basis denies them.

58. Defendant Miller denies the allegations of Paragraph 58 of the Complaint.

59. Defendant Miller denies the allegations of Paragraph 59 of the Complaint.

60. Defendant Miller denies the allegations of Paragraph 60 of the Complaint.

61. Defendant Miller denies the allegations of Paragraph 61 of the Complaint.

62. In answer to Paragraph 62 of the Complaint, defendant Miller restates his answers to Paragraphs 1 through 37 of the Complaint.

63. Defendant Miller admits the allegations in Paragraph 63 of the Complaint.

64. Defendant Miller denies the allegations of Paragraph 64 of the Complaint.

65. Defendant Miller denies the allegations of Paragraph 65 of the Complaint.

66. Defendant Miller denies the allegations of Paragraph 66 of the Complaint.

67. Defendant Miller denies the allegations of Paragraph 67 of the Complaint.

68. Defendant Miller denies the allegations of Paragraph 68 of the Complaint.

69. Defendant Miller lacks information as to Schur's intentions as alleged in

Paragraph 69 of the Complaint and on that basis denies them.

70. Defendant Miller denies the allegations of Paragraph 70 of the Complaint.

71. Defendant Miller denies the allegations of Paragraph 71 of the Complaint.

72. Defendant Miller denies the allegations of Paragraph 72 of the Complaint.

## **Affirmative Defenses**

1. Plaintiff is estopped from any recovery.
2. Plaintiff's claims are barred by waiver.
3. Plaintiff's claims are barred by laches.
4. Plaintiff's claims are barred by unclean hands.
5. Plaintiff's claims are barred by fraud.
6. Plaintiff's claims are barred by its own negligent conduct.
7. If plaintiff suffered any damage, which is denied, said damage was caused by the actions of third parties for which defendant Miller is not responsible.
8. Plaintiff's claims are barred by their own intentional acts.
9. If plaintiff suffered any damage, which is denied, plaintiff failed to act to mitigate any such damage.
10. Plaintiff's claims are barred by its assumption of risk.
11. Plaintiff's claims are barred by its breach of contract.
12. Plaintiff failed to act fairly and in good faith.
13. Plaintiff never relied to its detriment on any alleged acts or statements of defendant Miller.
14. To the extent plaintiff relied on any alleged acts or statements of defendant Miller, such reliance was not reasonable.

15. Plaintiff has failed to state facts sufficient to constitute a claim for punitive damages against defendant Miller on any of the grounds stated in the Complaint.

16. Plaintiff has failed to take reasonable and necessary steps to mitigate its damages.

17. At all times herein, defendant Miller alleges that plaintiff is estopped from recovering the relief sought within the Complaint inasmuch as plaintiff expressly ratified and consented to any and all actions, if any, taken by defendant Miller and SMT, as alleged in the Complaint.

18. Plaintiff is barred from any recovery against defendant Miller for any breach of contract claim because defendant Miller complied with all the terms of the contract.

19. At all times herein, defendant Miller and SMT and its officers, employees, or agents fully disclosed to and discussed with plaintiff all the facts within their knowledge relating to the subject of this litigation.

20. Any and all representations made by defendant Miller or SMT and its officers, employees, or agents, regarding the subject of this litigation contained no false statements.

21. At all times herein, defendant Miller alleges that each and every act done or statement made by defendant Miller or SMT and its officers, employees, or agents, with reference to some or all of the purported claims set forth in the Complaint were made reasonably and in good faith and without any knowledge that the statements might be false or inaccurate.

22. Any and all alleged false representations made by defendant Miller or SMT's officers, employees, or agents regarding the subject of this litigation were not stated with the intent to induce plaintiff to rely to its detriment on those representations.

23. Any and all alleged false representations made by defendant Miller or

9

SMT's officers, employees, or agents, regarding the subject of this litigation were not in fact relied upon by plaintiff in entering into the settlement agreement as the wrongful act complained of by plaintiff occurred after the settlement agreement was executed.

24. At all times herein, defendant Miller alleges that plaintiff's alleged reliance on the statements and representations allegedly made by defendant Miller or SMT's officers, employees, or agents, was not justified.

25. Plaintiff has not suffered or sustained any damages as a consequence of any alleged representation of defendant Miller s or any alleged reliance by plaintiff.

26. Any damage or loss, if any, sustained by the plaintiff herein was proximately caused and contributed to by its own actions at the times and places as set forth in the Complaint, and it is necessary that the proportionate degree of negligence or fault of the plaintiff be determined and prorated, and that judgment that might be rendered against defendant Miller be reduced by that degree of negligence found to exist as to the plaintiff.

27. Any and all events and happenings in connection with the matters alleged in the Complaint, and the resulting damages, if any, purportedly suffered by the plaintiff, were proximately caused and contributed to by the independent, intervening, negligent and unlawful conduct of independent third parties and/or their agents, and it is necessary that the proportionate degree of negligence or fault of each third party be determined and prorated, and that judgment that might be rendered against defendant Miller be reduced, not only by that degree of negligence found to exist as to the plaintiff, but by the total of that degree or negligence and/or fault found to exist as to other said third parties.

28. Defendant Miller hereby gives notice that he intends to rely upon such other and further defenses as may become apparent during the proceedings in this case and reserves his right to do so.

## Prayer for Relief

WHEREFORE, defendant Miller prays that the Court enter a judgment as follows:

1. In favor of Robert Miller and against plaintiff Schur.
2. Award Miller reasonable attorneys' fees.
3. Award Miller his costs and expenses incurred in defending against Schur's claims.
4. Award Miller such other and further relief as the Court deems just and proper.

SPARBER ANNEN MORRIS & GABRIEL, APLC

Dated: June 28, 2013      By: /s/ Richard J. Annen
Richard J. Annen, Esq.
E-mail: rannen@sparberlaw.com
Attorneys for defendant Robert Miller

## Demand for Jury Trial

Defendant Miller hereby demands a trial by jury.

SPARBER ANNEN MORRIS & GABRIEL, APLC

Dated: June 28, 2013      By: /s/ Richard J. Annen
                              Richard J. Annen, Esq.
                              E-mail: rannen@sparberlaw.com
                              Attorneys for defendant Robert Miller

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 28th day of June, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to the following:

Peter M. Stone
Paul Hastings LLP
1117 South California Avenue
Palo Alto, CA 94304
peterstone@paulhastings.com

*Attorney for Schur International A/S, a Denmark Corporation*


/s/ Richard J. Annen
Richard J. Annen
SPARBER ANNEN MORRIS & GABRIEL

5812-2/ND: 4822-2925-6468, v. 1