1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT

9    SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  SCHUR INTERNATIONAL A/S, a<br>Denmark Corporation, | CASE NO. 3:12-CV-02745-WQH-JMA |
| 12                    Plaintiff, | **ORDER GRANTING JOINT<br>MOTION FOR PROTECTIVE<br>ORDER [DOC. NO. 14];** |
| 13            vs. | |
| 14  ROBERT MILLER, an individual, | **PROTECTIVE ORDER** |
| 15                    Defendant. | |
| 16 | |
| 17 | |

18

19

20

21

22

23

24

25

26

27

28

The parties' Joint Motion for Protective Order is GRANTED.  The stipulated proposed terms are adopted with the exception of proposed paragraphs 6 and 21, which are adopted with modifications as set forth herein.  Based on the foregoing, the Court ORDERS:

The Court recognizes that at least some of the documents and information being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties.  The parties have agreed to be bound by the terms of this Protective Order in this action.

The purpose of this Protective Order is to protect the confidentiality of such materials as much as practical during the litigation.  THEREFORE:

1.     In this Protective Order, the words set forth below shall have the following meanings:

(a)     "Proceeding" means the above-entitled proceeding, and any action that is subsequently filed and consolidated with the above-entitled proceeding.

(b)     "Court" means the Court presided over by the Hon. William Q. Hayes and the Hon. Jan M. Adler, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

(c)     "Counsel of Record" means:  (1) counsel who have entered appearances in this case on behalf of one of the Parties; and/or (2) counsel who enter appearances on behalf of any party subsequently named as a plaintiff, defendant, or nominal defendant in either this Proceeding or any action consolidated with this Proceeding.

(d)     "Confidential" or means any information that is in the possession of a Designating Party who believes in good faith that such information is confidential under applicable law and/or competitively sensitive information, and includes, for example, commercial, financial, business, proprietary, personal, or customer information.  The designation of "Confidential" given to any Restricted

Material shall also apply to any copies, excerpts, summaries, or other documents made by anyone other than the Designating Party that quote or reflect the contents of such Restricted Material.

(e)     "Confidential - Attorneys' Eyes Only" means any information that is in the possession of a Designating Party who believes in good faith that the Disclosure of such information to another Party or non-Party would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

(f)     "Restricted Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" or "Confidential - Attorneys' Eyes Only" pursuant to the provisions of this Protective Order.

(g)     "Designating Party" means the Party, or any third party that provides Documents, Testimony or Information in response to a subpoena or other discovery request, that designates materials as "Confidential."

(h)     "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available materials, or any part thereof, or any information contained therein.

(i)     "Documents" means (i) any handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored, including original or duplicate, which have been produced in discovery in this Proceeding by any person; and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

(j)     "Information" means the content of Documents or Testimony.

(k)     "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2.     The Designating Party shall have the right to designate as "Confidential" or any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law, and/ or competitively sensitive information.   The Designating Party shall have the right to designate as "Confidential - Attorneys' Eyes Only" any Documents, Testimony or Information that the Designating Party believes in good faith that the Disclosure of such information to another Party or non-Party would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

3.     No provision of this Protective Order shall prevent any Party from objecting to discovery or the admissibility of evidence designated as Restricted Material pursuant to any applicable law.   Nor shall the entry of this Protective Order alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4.     Any Documents, Testimony or Information to be designated as "Confidential" or "Confidential - Attorneys' Eyes Only" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced.   The "Confidential" or "Confidential - Attorneys' Eyes Only" designation should not obscure or interfere with the legibility of the designated Information.

(a)     For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Confidential - Attorneys' Eyes Only" on each page of any Document containing such designated Restricted Material.

(b)     For Testimony given in depositions the Designating Party may

either:

      (i) Identify on the record, before the close of the deposition, all "Confidential" or "Confidential - Attorneys' Eyes Only" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or "Confidential - Attorneys' Eyes Only" or

      (ii) Designate the entirety of the Testimony at the deposition as "Confidential" or "Confidential - Attorneys' Eyes Only" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within thirty (30) days following receipt of the deposition transcript.  In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing Restricted Materials may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Confidential - Attorneys' Eyes Only" as instructed by the Designating Party.

    (c) For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential."  If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "Confidential - Attorneys' Eyes Only" portions.

   5. Any Party may designate as "Confidential" or "Confidential - Attorneys' Eyes Only" any Document, Testimony or Information previously produced or disclosed without such designation by the producing party, within thirty (30) days, by delivering written notice to all Parties who requested or obtained the Restricted Material and by providing to all Parties copies of the Documents, Testimony or Information with the "Confidential" or "Confidential - Attorneys' Eyes Only" designation.  Upon receipt of such notice, the Party that

received the un-designated Document, Testimony or Information shall promptly destroy such Document, Testimony or Information and all copies thereof, or, at the expense of the Designating Party, return the original and all copies of such Document, Testimony or Information to counsel for the Designating Party and shall retain only the materials designated "Confidential" or "Confidential – Attorneys' Eyes Only."  This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges, which is governed by Paragraph 11, below.  In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

6.     In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" or "Confidential - Attorneys' Eyes Only" objects to the designation with respect to any or all of such items, counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections").  Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections.  If counsel does not agree to do so, the parties shall follow the procedures set forth in Magistrate Judge Adler's Chambers Rules regarding resolution of discovery disputes.  Pending resolution of any Joint Motion for Determination of Discovery Dispute ("Joint Motion") by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place.  The Designating Party shall have the burden on any Joint Motion of establishing that its "Confidential" or "Confidential - Attorneys' Eyes Only" designation is applicable.

7.     Access to and/or Disclosure of Restricted Materials designated as

1  "Confidential" shall be permitted only to the following persons:

2        (a)    The Court;

3        (b)    Counsel of Record in the Proceeding and their support staff;

4        (c)    The named Parties and/or partners, officers, directors, agents or

5  employees of any Party to this Proceeding who are assisting counsel in the

6  prosecution and defense of this Proceeding; provided, however, that prior to the

7  Disclosure of Restricted Materials to any such individual Party or partner, officer,

8  director, employee or agent, counsel for the Party making the Disclosure shall

9  deliver a copy of this Protective Order to such person, shall explain that such person

10  is bound to follow the terms of such Order, and shall secure the signature of such

11  person on a statement in the form attached hereto as Exhibit A;

12        (d)    Court reporters and videographers in this Proceeding (whether at

13  depositions, hearings, or any other proceeding);

14        (e)    Litigation support service vendors and copy services, data entry,

15  and computer support services ("Vendors") retained by Counsel of Record in

16  connection with this Proceeding, but only to the extent Disclosure to Vendors is

17  reasonably necessary to Counsel of Record's rendering of professional services to

18  their clients in this Proceeding and provided that prior to the Disclosure of

19  Restricted Materials to any Vendors, counsel for the Party making the Disclosure

20  shall deliver a copy of this Protective Order to such person, shall explain its terms

21  to such person, and shall secure the signature of such person on a statement in the

22  form attached hereto as Exhibit A.  It shall be the obligation of counsel, upon

23  learning of any breach or threatened breach of this Protective Order by any Vendor,

24  to promptly notify counsel for the Designating Party of the breach or threatened

25  breach;

26        (f)    Any deposition, trial or hearing witness in the Proceeding who

27  previously has had access to the Restricted Materials, or who is currently or was

28  previously an officer, director, partner, member, employee or agent of an entity that

1   has had access to the Restricted Materials;

2        (g)    Any deposition or non-trial hearing witness in the Proceeding

3   who previously did not have access to the Restricted Materials; provided, however,

4   that prior to the Disclosure of Restricted Materials to any such witness, counsel for

5   the Party making the Disclosure shall deliver a copy of this Protective Order to such

6   person, shall explain its terms to such person, and shall secure the signature of such

7   person on a statement in the form attached hereto as Exhibit A.  If the witness

8   refuses to sign Exhibit A, Restricted Materials may still be Disclosed to the witness

9   only if such witness is advised by the non-designating Party that such materials are

10  being Disclosed pursuant to, and are subject to, the terms of this Protective Order

11  and that they may not be Disclosed other than pursuant to its terms, and that the

12  witness may be held in contempt of Court and subject to monetary sanctions or

13  other consequences for failing to comply with the terms of this Protective Order;

14       (h)    Outside experts or expert consultants consulted by the Parties or

15  their counsel in connection with the Proceeding, whether or not retained to testify at

16  any oral hearing; provided, however, that prior to the Disclosure of Confidential

17  Materials to any such expert or expert consultant, counsel for the Party making the

18  Disclosure shall deliver a copy of this Protective Order to such person, shall explain

19  its terms to such person, and shall secure the signature of such person on a

20  statement in the form attached hereto as Exhibit A. It shall be the obligation of

21  counsel, upon learning of any breach or threatened breach of this Protective Order

22  by any such expert or expert consultant, to promptly notify counsel for the

23  Designating Party of such breach or threatened breach; and

24       (i)    Any other person that the Designating Party agrees to in writing.

25       8.    Access to and/or Disclosure of Restricted Materials designated as

26  "Confidential – Attorneys' Eyes Only" shall be permitted only to the following

27  persons:

28       (a)    The Court;

(b)     Counsel of Record in the Proceeding and their support staff;

(c)     Court reporters and videographers in this Proceeding (whether at depositions, hearings, or any other proceeding);

(d)     Litigation support service vendors and copy services, data entry, and computer support services ("Vendors") retained by Counsel of Record in connection with this Proceeding, but only to the extent Disclosure to Vendors is reasonably necessary to Counsel of Record's rendering of professional services to their clients in this Proceeding and provided that prior to the Disclosure of Restricted Materials to any Vendors, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any Vendor, to promptly notify counsel for the Designating Party of the breach or threatened breach;

(e)     Outside experts or expert consultants consulted by the Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

(f)     Any other person that the Designating Party agrees to in writing.

9.     Restricted Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or

prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

10.    The receiving party or any expert or vendor or other person to whom, in accordance with this Protective Order, a receiving party Discloses Restricted Material, shall implement and enforce reasonable controls in an effort to restrict and prevent the unauthorized access to the Restricted Materials by any person, including but not limited to, their employees who do not possess a need to know or handle the Restricted Materials in order to render professional services to the parties in this Proceeding.

11.    The Designating Party shall implement procedures to prevent the inadvertent production of Documents and Information that are subject to a claim of privilege.   If Documents or Information protected from Disclosure under the attorney-client privilege, work product doctrine, or any other applicable privilege (collectively, "privilege") are produced in this Proceeding, the Disclosure is hereby presumed to be inadvertent and not a waiver of the privilege, if the Designating Party followed the procedures adopted to prevent inadvertent Disclosure of the Documents or Information in question.   Upon discovering that privileged Documents or Information were Disclosed, the Designating Party shall notify, in writing, the Receiving Parties of the Designating Party's privilege claim and request return of such privileged Documents or Information.   Within ten (10) business days of receiving such notification, the receiving party shall: (i) destroy or return all copies of such privileged Documents or Information to the Designating Party; (ii) destroy all summaries of, or notes relating to, any such inadvertently or mistakenly produced Documents or Information; and (iii) certify such destruction or return of all copies of the privileged Documents or Information in writing to the Designating Party.   Neither this paragraph nor the receiving party's compliance with its requirements shall bar the receiving party's right to challenge the Designating Party's privilege claim on any ground, including the presumption

1   that the Designating Party's Disclosure of privileged Documents or Information

2   was inadvertent.    The Designating Party shall retain copies of all returned

3   documents and tangible items for further disposition.

4       12.    Any Party to the Proceeding (or other person subject to the terms of

5   this Protective Order) may ask the Court, after appropriate notice to the other

6   Parties to the Proceeding, to modify or grant relief from any provision of this

7   Protective Order.

8       13.    Entering into, agreeing to, and/or complying with the terms of this

9   Protective Order shall not:

10          (a)    Operate as an admission by any person that any particular

11   Document, Testimony or Information marked "Confidential" or "Confidential -

12   Attorneys' Eyes Only" contains or reflects trade secrets, proprietary, confidential or

13   competitively sensitive business, commercial, financial or personal information; or

14          (b)    Prejudice in any way the right of any Party (or any other person

15   subject to the terms of this Protective Order):

16              (i)    To seek a determination by the Court of whether any

17   particular Restricted Material should be subject to protection as "Confidential" or

18   "Confidential - Attorneys' Eyes Only" under the terms of this Protective Order; or

19              (ii)    To seek relief from the Court on appropriate notice to all

20   other Parties to the Proceeding from any provision(s) of this Protective Order, either

21   generally or as to any particular Document, Material or Information.

22      14.    Any Information that may be produced by a non-party witness in

23   discovery in the Proceeding pursuant to subpoena or otherwise may be designated

24   by such non-party as "Confidential" or "Confidential - Attorneys' Eyes Only"

25   under the terms of this Protective Order, and any such designation by a non-party

26   shall have the same force and effect, and create the same duties and obligations, as

27   if made by one of the Parties.  Any such designation shall also function as a consent

28   by such producing party to the authority of the Court in the Proceeding to resolve

1    and conclusively determine any motion or other application made by any person or

2    party with respect to such designation, or any other matter otherwise arising under

3    this Protective Order.

4         15.    If any receiving party receives a subpoena or other legal process

5    commanding the production or other Disclosure of any Restricted Materials

6    (collectively, "Subpoena"), the receiving party shall:

7         (a)    Notify in writing the person issuing the Subpoena (the "Issuer")

8    of the existence of this Protective Order;

9         (b)    Provide the Issuer with a copy of this Protective Order within

10   five (5) business days of receiving the Subpoena;

11        (c)    Notify and provide to the Designating Party's counsel a copy of

12   the Subpoena within five (5) business days of receiving it and not less than five

13   (5) business days before the date on which the Subpoena demands production or

14   Disclosure;

15        (d)    Cooperate in good faith with the Designating Party's opposition

16   to any Subpoena demanding Restricted Material, which cooperation shall include

17   but not be limited to providing the Designating Party's counsel with a copy of any

18   motion filed or any other document evidencing the Issuer's intent to seek

19   enforcement of the Subpoena against the receiving party not less than two

20   (2) business days after receiving such document or, in the event a hearing to enforce

21   the subpoena or other deadline imposed by a court or agency of any state or federal

22   government is scheduled, then no less than five (5) business days before such a

23   hearing or deadline has been scheduled or imposed (collectively "duty to

24   cooperate").

25        (e)    Not comply with the Subpoena unless and until the Designating

26   Party has provided its written consent to the Disclosure, this Court or any other

27   Court of competent jurisdiction has ordered production of the Restricted Material,

28   or the Designating Party has declined to seek relief in any action in which the

-11-

PROTECTIVE ORDER
CASE NO. 3:12-CV-02745-WQH-JMA

Subpoena was issued or any proceeding seeking enforcement of the Subpoena within five (5) business days after receiving notice of a hearing scheduled to enforce the Subpoena or other deadline imposed by a court or agency of any state or federal government.

16.    Nothing in this Protective Order shall be construed to preclude either Party from asserting in good faith that certain Restricted Materials require additional protection.  The Parties shall meet and confer to agree upon the terms of such additional protection.

17.    If, after entry of this Protective Order, any Restricted Materials submitted by a Designating Party under the terms of this Protective Order are Disclosed by a non-Designating Party to any person other than in the manner authorized by this Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Restricted Materials to the immediate attention of the Designating Party.

18.    Subject to public policy, and further court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. If the Court grants a party permission to file an item under seal, a duplicate disclosing all nonconfidential information, if any, shall be filed and made part of the public record.  The item may be redacted to eliminate confidential material from the document.  The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment."  The sealed and redacted documents shall be filed simultaneously.

19.    The Parties shall meet and confer regarding the procedures for use of Restricted Materials at trial and shall move the Court for entry of an appropriate order.

PROTECTIVE ORDER
CASE NO. 3:12-CV-02745-WQH-JMA

20.     Nothing in this Protective Order shall affect the admissibility into evidence of Restricted Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Restricted Material.

21.     This Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Protective Order.   To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Protective Order for ninety (90) days after the Proceeding is terminated.

22.     Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the Parties shall have thirty (30) days to either:   (a) promptly return to counsel for each Designating Party all Restricted Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition); (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Restricted Materials; or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Restricted Materials.   To the extent permitted by law the Court shall retain

//

//

//

//

continuing jurisdiction to review and rule upon the motion referred to in clause (c) herein.

IT IS SO ORDERED this 16th day of October, 2013.

_____
Hon. Jan M. Adler
United States Magistrate Judge

EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SCHUR INTERNATIONAL A/S, a
Denmark Corporation,

              Plaintiff,

    vs.

ROBERT MILLER, an individual,

              Defendant.

CASE NO. 3:12-CV-02745-WQH-JMA

**DECLARATION RE
CONFIDENTIAL MATERIALS**

I, _____, declare and say that:

    1.    I am employed as _____

by _____.

    2.    I have read the Protective Order entered in *Schur International a/s v.
Robert Miller*, Case No. 3:12-CV-02745-WQH-JMAand have received a copy of
the Protective Order.

    3.    I promise that I will use any and all "Confidential" or "Confidential –
Attorneys' Eyes Only" information, as defined in the Protective Order, given to me
only in a manner authorized by the Protective Order, and only to assist counsel in
the litigation of this matter.

-1-

EXHIBIT A (DECLARATION RE CONFIDENTIAL MATERIALS)
CASE NO. 3:12-CV-02745-WQH-JMA

4.      I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to the enforcement of the Protective Order.

5.      I understand that any disclosure or use of "Confidential" or "Confidential – Attorneys' Eyes Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 20__, at _____.

_____
[signature]

_____
[name]

_____
[title]

_____
[address]

_____
[telephone]

LEGAL_US_W # 76450993.2

-2-

EXHIBIT A (DECLARATION RE CONFIDENTIAL MATERIALS)
CASE NO. 3:12-CV-02745-WQH-JMA